IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DENNIS D. GRIMSLEY, : | |
| : | CIVIL ACTION |
| Plaintiff, : | |
| : | |
| v. : | NO. 10-5608 |
| : | |
| SHARP CORPORATION, : | |
| : | |
| Defendant. : | |

**ANSWER OF DEFENDANT SHARP CORPORATION
TO PLAINTIFF'S COMPLAINT**

Defendant Sharp Corporation ("Defendant"), by and through its undersigned counsel, answers the Complaint filed by plaintiff Dennis D. Grimsley ("Plaintiff"), and asserts it affirmative defenses as follows:

1. Admitted.

2. Admitted.

3. Denied.

4. Denied as conclusions of law and further denied as stated. It is admitted only that Plaintiff seeks monetary damages and non-monetary relief from Defendant. It is denied that Plaintiff is entitled to monetary or non-monetary relief.

5. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to whether Plaintiff attached a copy of the Equal Employment Opportunity Commission Notice of Right to Sue letter to the Complaint, and therefore the

averment is denied. By way of further answer, Defendant admits that Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission. The charge is a document that speaks for itself, and Defendant denies any characterization of it by Plaintiff.

6. Admitted.

WHEREFORE, Defendant respectfully requests the Court to enter judgment in its favor and against Plaintiff, together with an award of interest, costs and reasonable attorneys' fees and such other relief as the Court deems equitable and just.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint, and each and every claim asserted therein, fails to state a claim upon which relief may be granted in whole or in part.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are or may be barred in whole or in part by the doctrines of waiver, estoppel, latches or unclean hands.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part to the extent they exceed the allegations of his administrative charges.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are or may be barred in whole or in part by Plaintiff's failure to mitigate damages.

-3-

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are or may be barred in whole or in part by the applicable statute of limitations.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part by Plaintiff's failure to exhaust his mandatory administrative remedies.

**SEVENTH AFFIRMATIVE DEFENSE**

Some or all of the damages and/or injuries alleged by Plaintiff are not compensable in whole or in part, as a matter of law.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's claims for relief are barred in whole or in part because Plaintiff failed to report alleged discrimination to Defendant.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Defendant took no adverse action against him.

## TENTH AFFIRMATIVE DEFENSE

Defendant hereby gives notice that it intends to rely upon such other defenses as may become available or may appear during discovery in this case or otherwise, and Defendant hereby reserves the right to amend this Answer to insert any and all such other defenses.

  /s/  Maureen Q. Dwyer
Matthew J. Maguire (I.D. No. 73844)
Maureen Q. Dwyer (I.D. No. 87440
PEPPER HAMILTON LLP
400 Berwyn Park
899 Cassatt Road
Berwyn, PA 19312-1183
maguirem@pepperlaw.com
dwyerm@pepperlaw.com
(610) 640-7800

#13528027 v1

## CERTIFICATE OF SERVICE

       I hereby certify that on the 7th day of December, 2010, I caused a copy of Defendant's Answer to Plaintiff's Complaint to be served by first class mail, postage prepaid, upon the following:

    Dennis D. Grimsley
    1429 California Road
    Quakertown, PA 18951

    *Pro se Plaintiff*

    /s/  Matthew J. Maguire
    Matthew J. Maguire

#13528027 v1